UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBIN BROS. PRODUCE CORP. and
S. KATZMAN PRODUCE INC.,

                Plaintiffs,

- against -

GRAMERCY PRODUCE INC., ANTHONY J.
VIVACQUA, SR., ANTHONY J. VIVACQUA, JR.,
SALVATORE V. VIVACQUA and AA PRODUCE
ENTERPRISE INC.,

                Defendants.

Case No. 25-cv-7325 (JGK)

[~~PROPOSED~~] **PRELIMINARY INJUNCTION ORDER**

Plaintiffs Rubin Bros. Produce Corp. ("Rubin") and S. Katzman Produce Inc. ("Katzman") (Rubin and Katzman collectively, "Plaintiffs") seek an order enjoining and restraining defendants Gramercy Produce Inc. ("Gramercy Produce"), Anthony J. Vivacqua, Sr. ("AJV, Sr."), Anthony J. Vivacqua, Jr. ("AJV, Jr."), Salvatore V. Vivacqua ("SVV") and and AA Produce Enterprise Inc. ("AA Produce") (Gramercy Produce, AJV, Sr., AJV, Jr., SVV and AA Produce collectively, "Defendants") and their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend or dissipate PACA trust funds in the aggregate principal amount of $225,507.04, except for delivery to Plaintiffs' counsel, and directing and requiring Defendants to account for the assets and liabilities of Gramercy Produce and AA Produce (collectively, the "Corporate Defendants") and their related and subsidiary companies.

Upon consideration of the evidence and arguments submitted, including the documents submitted by Plaintiffs in support of their application for injunctive relief (Docket Nos. 8-13 and 36-39) (the "Application"), the opposition filed by Defendants (Docket Nos. 31-33), Plaintiffs'

- 1 -

First Amended Complaint (Docket No. 28), the conference held on September 5, 2025, and the hearing held on September 25, 2025, the Court, pursuant to Fed. R. Civ. P. 65, makes the following findings of fact and conclusions of law:

1. Each of the Plaintiffs is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is subject to and licensed under PACA as a dealer. Rubin Declaration at ¶ 3; Paul Declaration at ¶ 3; Exhibits A and E.

2. Gramercy Produce is and was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is subject to and licensed under PACA as a dealer. Rubin Declaration at ¶ 4; Declaration of Anthony J. Vivacqua, Sr. at ¶ 2; Exhibit B.

3. Plaintiffs sold and delivered to Defendants various wholesale lots of produce which had been moved in interstate commerce or contemplation thereof, worth the aggregate principal amount of $265,943.10, $225,507.04 of which remains due. Rubin Declaration at ¶ 9; Paul Declaration at ¶ 6.

4. Defendants accepted the produce received from Plaintiffs without protest. Rubin Declaration at ¶ 10; Paul Declaration at ¶ 7.

5. Plaintiffs preserved their collective interest under the trust provisions of the PACA in the amount of $225,507.04 by sending invoices to Defendants that contained the language required by 7 U.S.C. § 499e(c)(4). Rubin Declaration at ¶ 11; Paul Declaration at ¶ 8; Exhibits C and F.

6. Defendants have refused to make full payment for the produce despite repeated demands. Quiñones Declaration at ¶ 13.

7. Defendants have failed to make fully payment, timely, to Plaintiffs, owe hundreds of thousands of dollars to produce vendors at the Hunts Point Terminal Market, have failed to make scheduled payments to Plaintiffs, have stopped communicating with Plaintiffs regarding the status of Gramercy Produce's operations and have failed to comply with the document production requirements of this Court's previously issued temporary restraining order (Docket No. 18). Rubin Declaration at ¶¶ 12-14; Paul Declaration at ¶¶ 9-10; Exhibit D.

8. AA Produce pays Gramercy Produce's debt, has the same officers and/or owners and operates out of the same offices. Rubin Reply Declaration at ¶¶ 7-8; Reply Exhibit D.

9. Neither of the Plaintiffs entered into oral or written agreements with Gramercy Produce pursuant to which they agreed to extend Gramercy Produce payment terms longer than thirty days. Rubin Reply Declaration at ¶ 2; Paul Reply Declaration at ¶ 2.

Based on the factual showings made by Plaintiffs it appears that the PACA trust assets in Defendants' possession have been dissipated and are further threatened with dissipation. Therefore, the Court finds that the requirements for the issuance of a preliminary injunction are met[1]: (1) there is a likelihood that Plaintiffs will be successful on the merits of their claims; (2) there is a likelihood of irreparable harm to Plaintiffs if the injunctive relief does not issue; (3) the balance of the equities favors Plaintiffs, whose funds may be dissipated, whereas there would appear to be little harm to Defendants if the injunctive relief is granted, since Defendants are only ordered to do that which they are required to do under the statute (i.e., maintain the trust

---

[1] *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir.2010).

Case 1:25-cv-07325-JGK-SDA    Document 42    Filed 09/24/25    Page 4 of 6

Based on the Findings of Fact and Conclusions of Law that the Court entered on the record on September 25, 2025, ~~assets as required by the statute and pay the undisputed debt or, failing that, turn over documents as hereinafter set forth); and (4) the public interest would be furthered by the granting of injunctive relief, as PACA states that its trust provisions were promulgated to benefit the public interest that suffers due to non-payment for produce.~~

Accordingly, this 25 day of September 2025, it is

ORDERED, that Plaintiffs' Motion for Preliminary Injunction is granted against Gramercy Produce, Inc. ("Gramercy"), Anthony J. Vivacqua, Sr., and Anthony J. Vivacqua, Jr. (the "Defendants"), and it is further

ORDERED, that only defendants Gramercy, Anthony J. Vivacqua, Sr., and Anthony J. Vivacqua, Jr., ~~Defendants~~, their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of ~~the Corporate Defendants,~~ Gramercy, its successors, subsidiaries or related companies until further order of this Court or until Defendants deliver to Plaintiffs' counsel the sum of $225,507.04 by bank check or wire transfer; and it is further

ORDERED, that within ~~five~~ seven business days of the date of this Order, unless available sooner, Defendants shall supply to Plaintiffs' counsel the following documents regarding the assets of the Corporate Defendants, their successors, subsidiaries and related companies: (1) most recent balance sheets and profit/loss statements, if any; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last ninety days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to ~~Defendants~~ Gramercy, including but not limited to funds owed on behalf of credit/debit card processors and other electronic funds transfers due ~~Defendants~~ Gramercy; and (4) all financial records, such as income tax returns, bank account statements, checking account registers, wire transfer confirmations and cash receipt records, showing transfers of funds to or

JGK

- 4 -

from the Corporate Debtors in the last six months; and it is further

**ORDERED,** that Defendants and/or any banking institutions used by Defendants shall, within two business days of service of this Order, deliver any and all PACA trust assets ~~held on Defendants' behalf~~ *knowingly held on behalf of Gramercy*, up to $225,507.04, to counsel for Plaintiffs, McCarron & Diess, 200 Broadhollow Road, Suite 207 Melville, New York 11747 ("Plaintiffs' Counsel"), to be held by Plaintiffs' Counsel pending further order of the Court; and it is further [JGK]

**ORDERED,** that any and all funds belonging to the Corporate Defendants, their successors, subsidiaries or related companies, in the possession of third parties, including all funds belonging to the Corporate Defendants, their successors, subsidiaries and related companies, on deposit at banking institutions up to $225,507.04, shall be immediately delivered to Plaintiffs' Counsel pending further order of the Court; and it is further

**ORDERED,** that the Plaintiffs' Counsel is hereby authorized and directed to collect all outstanding accounts receivable of the Corporate Defendants, their successors, subsidiaries and related companies, with any such sums collected to be held by Plaintiffs' Counsel pending further order of the Court; and it is further

**ORDERED** that Defendants shall take such steps as are necessary to preserve all the Corporate Defendants' books and records, whether electronic or otherwise, and are required to fully cooperate with Plaintiffs' Counsel's efforts to effect collection of the Corporate Defendants' accounts receivable and those of their successors, subsidiaries and related companies by, among other things, providing Plaintiffs' Counsel with any and all documents and things, *that truly and accurately reflect Gramercy's accounts receivable;* ~~including but not limited to computers, software, usernames, passwords and documents, reasonably requested by Plaintiffs' Counsel in connection with his collection efforts~~; and it is further [JGK]

- 5 -

Case 1:25-cv-07325-JGK  Document 42  Filed 09/24/25  Page 6 of 6

**ORDERED**, that delivery of a copy of this Order to Defendants or their attorneys via Federal Express, or other nationally recognized delivery service, shall be deemed to constitute notice of this Order upon Defendants, their agents, servants and employees pursuant to Fed. R. Civ. P. 65(d)(2).

**SO ORDERED.**

Dated: September 25, 2025
New York, New York

2:24 p.m.

_____
**JOHN G. KOELTL**
**UNITED STATES DISTRICT JUDGE**