# RheemBell & Freeman LLP

| | |
|---|---|
| 20 West 36th Street | Tel: +1 (212) 239-4001 |
| Twelfth Floor | Fax: +1 (212) 239-4125 |
| New York NY 10018 | Email: rfreeman@rbfllp.com |
| USA | Web: www.rbfllp.com |

October 31, 2025

*Application for an extension denied for the reasons stated in the opposition (ECF No. 58). So ordered. 10/31/25 /s/ G Koeltl U.S.D.J.*

**VIA ECF**

The Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

Re:  **Rubin Bros. Produce Corp. et al. v. Gramercy Produce Inc. et al. – 1:25-cv-07325-JGK**

Dear Judge Koeltl:

This firm represents defendants Gramercy Produce, Inc., Anthony J. Vivacqua, Sr., Anthony J. Vivacqua, Jr., Salvatore V. Vivacqua and AA Produce Enterprise, Inc. ("Defendants") in the above referenced action.

Plaintiffs Rubin Bros. Produce Corp. and S. Katzman Produce, Inc. ("Plaintiffs") filed an Order to Show Cause on October 29, 2025 seeking, amongst other things, that defendants Gramercy Produce, Anthony J. Vivacqua, Sr., Anthony J. Vivacqua Jr., and Salvatore V. Vivacqua be held in civil contempt pursuant to 18 U.S.C. § 401 and Local Rule Civil Rule 83.6 for allegedly willfully failing to company with the September 25, 2025 preliminary injunction order issued by your Honor in this proceeding (Docket No. 43) ("Preliminary Injunction"). A briefing schedule ordering that opposition papers be filed by November 3, 2025, reply papers be filed by November 6, 2025, and setting down a hearing for November 7, 2025 at 4:00pm was issued.

I contacted Plaintiffs' counsel this morning and advised that I will be away on vacation for the next two weeks, and specifically Monday, November 3, 2025 through and including November 14, 2025. I further offered to furnish an affidavit and/or copies of my boarding passes (amongst other things) as proof that I will be travelling with my wife for our fifteen year wedding anniversary. I will provide the Court with any of these documents if directed.

Given the fact that I will not be in New York on November 7, 2025, combined with the seriousness of the allegations made in Plaintiffs' Order to Show Cause, I requested Plaintiffs' consent to adjourn the hearing date on the Order to Show Cause to November 17, 2025, which is the first business day that I will be back from my trip. As a concession, I offered to consent to provide Plaintiffs additional time to interpose a reply and suggested a briefing schedule wherein Defendants' time to oppose the Order to Show Cause be extended to November 6, 2025 with Plaintiffs' time to file a reply extended to November 13, 2025 or November 14, 2025, with the obvious understanding that the foregoing would subject to Court approval. Plaintiffs' counsel advised that he could not consent to the foregoing request.

It is respectfully submitted that Plaintiffs will not be prejudiced by Defendants' application to adjourn the Order to Show Cause herein. Simply put, Plaintiffs' already have a preliminary injunction in place,

and there is no dispute that Gramercy already furnished hundreds of pages of documents to Plaintiffs as directed by the Court's Order in the form of bank account statements, tax returns, judgment creditor information, a list of assets and liabilities, and an aging report that indicates Gramercy Produce's receivables, which Plaintiffs have used to contact Gramercy Produce's customers and demand payment.

As such, we respectfully request that the Court approve what amounts to a ten (10) day adjournment. This is first such request for an adjournment of the subject hearing and an extension of time to interpose opposition papers to Plaintiffs' Order to Show Cause. It will also be the only such request made by Defendants for an adjournment. We are certainly happy to extend Plaintiffs similar professional courtesies as the case proceeds.

We thank the Court for its time and consideration.

    Very truly yours,

    **RHEEM BELL & FREEMAN LLP**

    /s/ Richard E. Freeman III

    Richard E. Freeman III, Esq.


cc:    McCarron & Diess – Gregory Brown, Esq. (via CM/ECF)